# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CLEVELAND WINSTON KILGORE, JR.　*
#09441-007

                                   *　　Civil Action No. RDB-10-3502

Petitioner　　　　　　　　　　　　　　　　　Criminal Action No. RDB-06-115

                                   *

v　　　　　　　　　　　　　　　　　　　　　*

UNITED STATES OF AMERICA

                                   *

Respondent

                                ***

## MEMORANDUM OPINION

Pending is Cleveland Kilgore's self-styled Petition for Relief pursuant "Rule 60 (d) (1) (3)," [1] to set aside judgment for fraud perpetrated on the court. ECF No. 1. For reasons to follow, the Court intends to construe the Petition pursuant to 28 U.S.C. § 2255 and will grant Kilgore twenty-eight days to provide supplemental information.

## BACKGROUND

Kilgore was convicted by a jury of bank fraud, aggravated identity theft, and aiding and abetting in *United States of America v. Cleveland Kilgore*, Criminal No. 06-115 (D. Md). On December 19, 2006, the Court sentenced Kilgore to149 months incarceration to be followed by five (5) years of supervised release and ordered him to pay restitution. On November 15, 2007, the Fourth Circuit affirmed judgment on appeal. *See United States v. Kilgore*, CA4 07-4025.

On December 13, 2010, Kilgore filed the instant Petition, claiming: 1) his "judgment has been discharged through a surety bond, promissory note, and the Secured Party Creditor Security Agreement and Hold-Harmless and Imdenmity [sic] Agreement"; 2) he is held in violation of a "self-executing treaty" that provides immunity from government "invasion"; and 3) the Court

---

[1] The Court assumes that Kilgore, who is self-represented in this matter, intended to cite to Rule 60 (b) (1) and (2) of the Federal Rules of Civil Procedure.

lacked personal and subject matter jurisdiction over him. As relief, he asks for his immediate
release from custody.

## DISCUSSSION

### A. Motion to Vacate, Set Aside or Correct

Kilgore's attack on the validity of his conviction is appropriately presented by way of a
28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct. Rule 60(b) does not substitute for
collateral review of criminal judgments. *See United States v. Winestock*, 340 F. 3d 200, 207 (4th
Cir. 2003) (distinguishing a successive § 2255 "motion directly attacking the prisoner's
conviction or sentence" from a Rule 60(b) motion). The subject matter of the motion and not the
caption assigned to it by the pro se litigant determines its status. *See Calderon v. Thompson*, 523 U.S.
538, 554 (1998).

Petitions filed under 28 U.S.C. §2255 must be filed within one year of the date the
judgment of conviction becomes final.[2] *See* 28 U.S.C. § 2255(1). In this case, Kilgore's
conviction became final for the purposes of the one-year limitations period on the date this Court
entered its judgment of conviction, given that he did not seek appellate review. *See United*

---

[2]     Section 28 U.S.C. §2255 provides in pertinent part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the
latest of--

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the United States
> is removed, if the movant was prevented from making a motion by such
> governmental action;
> (3) the date on which the right asserted was initially recognized by the
> Supreme Court, if that right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented
> could have been discovered through the exercise of due diligence.

*States v. Sanders*, 247 F. 3d 139, 142 (4th Cir. 2001) (explaining that where no appeal is taken, the statute of limitations begins to run on the date the court entered the judgment of conviction). Thus, when Kilgore filed the instant Petition the limitations period had long elapsed. The Peitioner appears to be time-barred.

In accordance with *Castro v. United States*, 540 U.S. 375, 381-82 (2003), the Court hereby notifies Kilgore of its intent to construe the pleading as a Motion to Vacate under 28 U.S.C. § 2255. As a consequence of considering the pleading under § 2255, subsequent § 2255 petitions collaterally attacking the judgment or sentence will be subject to dismissal as a second or successive petition unless preauthorization filing is obtained from the Court of Appeals. *See id.* Kilgore is granted twenty-eight days to inform the Court whether he wants to withdraw or amend the Motion or proceed with it as filed. Further, Kilgore is instructed to provide his reasons why principles of equitable tolling apply or the Petition is otherwise timely. *See Hill v. Braxton*, 277 F.3d 701(4th Cir. 2002).

The Court notes that although Kilgore shall be granted additional time to comply with case precedent, the claims asserted are frivolous. Kilgore's challenge to this District Court's jurisdiction was raised on appeal and denied by the Fourth Circuit which stated:

> "Subject-matter jurisdiction (in the sense of judicial power) over federal criminal prosecutions is conferred on district courts by 18 U.S.C. § 3231." *United States v. Hartwell*, 448 F.3d 707, 716 (4th Cir. 2006) (citation omitted). Accordingly, a federal district court has jurisdiction over "all offenses against the laws of the United States." *See* 18 U.S.C. § 3231 (2000). Moreover, "there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." *Hartwell*, 448 F.3d at 716 (quoting *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir.1999)).

> Kilgore does not dispute that his criminal prosecution involved the laws of the United States. Relying on commercial law, he provides no valid authority for the proposition that the district court lacked subject matter jurisdiction. To the extent that Kilgore argues in his informal brief that he is a "Foreign Nation (not a person)

3

who rules autonomously and [is] not subject to any entity or jurisdiction anywhere," his claim is patently meritless. Accordingly, we find that the district court properly exercised subject matter jurisdiction over Kilgore's criminal prosecution under 18 U.S.C. § 3231.

*United States v. Kilgore*, 2007 WL 4022840 (4th Cir. 2007). Kilgore provides no basis to challenge jurisdiction here and his remaining claims concerning commercial "discharge" of his criminal judgment and immunity from a self-executing treaty are devoid of merit.

## B. Rule 60(b)

Were analysis of Kilgore's claims to proceed under Rule 60(b) of the Federal Rules of Civil Procedure, his request for relief would be unavailing. The Federal Rules of Civil Procedure do not provide a means for challenging criminal judgments. *See* Fed. R. Civ. P. 1 (stating "these rules govern the procedural in the United States district courts in all suits of a civil nature); *United States v. O'Keefe*, 169 F. 3d 281, 289 (5th Cir. 1999); *United States v. Mosavi*, 138 F. 3d 1365, 1366 (11th Cir. 1998). Motions filed pursuant to Rule 60(b) (1) and (3)[3] must be filed no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60 (c) (1). As noted above, judgment was entered on December 19, 2006. Consequently, the provisions of Rule 60(b) (1) and (3) are no longer available to Kilgore under these circumstances. Further, Rule 60(b) contemplates relief in exceptional circumstances not presented here. *See Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir.1979).

---

[3] Rule 60 (b) (1) provides that the court may relieve a party from a final judgment or order "[o]n motion and upon such terms as are just" based upon, inter alia, "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b) (3) provides for relief for fraud, misrepresentation, or misconduct by an opposing party. Kilgore's factual allegations concerning the prosecutor's oath of office, commercial discharge of his conviction, and "self-executing treaty" immunity are frivolous and provide no grounds for extraordinary relief.

**CONCLUSION**

For these reasons, the Court will construe the Petition pursuant to 28 U.S.C. § 2255 and grant Kilgore twenty-eight days to provide supplemental information consistent with this Memorandum Opinion. A separate Order follows.

MARCH 8, 2011
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE